**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

| | | |
|---|---|---|
| **MARIA ISABEL GARCIA** | § | |
| **Plaintiff,** | § | |
| | § | **Case No.: 4:19-cv-10186** |
| **v.** | § | |
| **HOME DEPOT U.S.A., INC.** | § | |
| | § | **TRIAL BY JURY DEMANDED** |
| **Defendant.** | § | |

**ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

MARIA ISABEL GARCIA ("Plaintiff"), by and through undersigned counsel, files this complaint, and complains of HOME DEPOT U.S.A., INC. (hereinafter "Defendant" or "The Home Depot" or "Company") and would respectfully show as follows:

**INTRODUCTION**

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination based on her age under the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

3. Plaintiff files this Complaint and complains of discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

4. Plaintiff files this Complaint and complains of discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

5. Plaintiff files this Complaint and complains of discrimination on the basis of national origin under 42 U.S.C §1981 ("§1981").

6. Plaintiff files this Complaint and complains of discrimination on the basis of retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

7. This action seeks compensatory, liquidated, and punitive damages, plus lost wages, injunctive relief, attorneys' fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest and an injunction.

**PARTIES**

8. Plaintiff, Maria Isabel Garcia, is a resident of Key West, Florida and worked for Defendant at 2811 N. Roosevelt Boulevard, Key West, Florida 33040 (Store#: 6313).

9. Defendant, Home Depot U.S.A., Inc., is an out-of-state corporation authorized to transact business in the State of Florida, and process may be served on its registered agent.

**VENUE**

10. Venue is appropriate in the United States District Court for the Southern District of Florida Key West Division, because the Defendant can be said to reside and/or do business in this district as required under 28 U.S.C. § 1391, and all actions complained of occurred in that district and division.

**JURISDICTION**

11. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) for Plaintiff's claim of ADEA discrimination under 29 U.S.C. §621, *et seq.*

12. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) for Plaintiff's claims of sex, national origin, and retaliation under 42 U.S.C. § 2000e and for her national origin claim under 42 U.S.C. § 1981.

**PROCEDURAL REQUISITES**

13. All requirements prior to the filing of this action have been met by Plaintiff. She filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC"), received a Notice from said agency to pursue her claims, and files this suit within the statutory period.

14. Plaintiff filed her Charge of Discrimination against Defendant with the EEOC in January of 2019.

15. Plaintiff was issued a Notice of Right to Sue letter from the EEOC on August 22, 2019, entitling her to file suit on her claims of discrimination and retaliation.

16. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter from the EEOC.

**FACTS**

17. Plaintiff began working at Defendant on March 27, 2017 as a Merchandising Assistant Store Manager.

18. Plaintiff's job title at the time of her termination from the Defendant on November 9, 2018 was Specialty Assistant Store Manager.

19. Plaintiff's job requirements at the time of her termination included managing the painting, millwork, appliances, kitchen and bath, and flooring and kitchen design departments.

20. Plaintiff is a Nicaraguan female who was 53 years old at the time of her termination.

21. Plaintiff was first hired by Store Manager, Bryan Mohammed ("Mohammed").

22. Plaintiff started reporting to Michael Cavey ("Cavey"), store manager, on or around May of 2018 when Bryan Mohammed no longer worked at the Key West store.

23. Cavey is a white American male who was 32 years old at the time of Plaintiff's termination, and who was not a native or fluent Spanish speaker.

24. Cavey allegedly engaged in a romantic relationship with Maria Rojas ("Rojas"), who was 38 years old at the time of Plaintiff's termination, and was the Associate Support Department Supervisor who reported directly to Cavey.

25. Plaintiff supervised an hourly associate, Robin W. ("Robin"), who is a white American female Employee.

26. Cavey had a supervisory role over Plaintiff and all the other employees mentioned, including those Plaintiff supervised.

27. During her time working at Defendant, Plaintiff was subject to constant discrimination and retaliation, such as discrimination because of her age and sex.

28. Cavey regularly attended department meetings orchestrated by male employees, such as Anwar Dudley ("Dudley"), an African American Assistant Manager who was 38-years old at the time.

29. Cavey would rarely, if ever, attend store level department meetings organized by Plaintiff because she was older and is a female, even when Cavey knew that Plaintiff was discussing with her staff, areas of concern that needed to be addressed in order to improve department efficiency, such as requests for additional staff and materials.

30. Plaintiff, in order to address her staffing needs, wanted to hire a female in her late 40's, yet when Cavey learned of the individual, he asked Plaintiff if she was sure that she wanted to

hire the employee, implying that the lady looked old. Cavey then went on to ask Plaintiff if she was sure that the lady would be able to lift and do the job required.

31. In at least one instance, Plaintiff was in the adjacent office when she overheard Cavey tell Rojas that Plaintiff needed to go because she was too old.

32. Plaintiff, at staff meetings, attempted to voice her recommendations for improvements at Defendant, Cavey, however, rejected and ignored her because she is an older female. However, Cavey would diligently listen and act on recommendations from employees, such as, Justin Barzaga ("Barzaga"), a young male Operations Manager, Dudley, and Rojas, because they were either under the age of 40, unlike plaintiff, or where male, unlike Plaintiff as well.

33. Plaintiff was also discriminated at Defendant's because of her national origin.

34. Cavey intentionally targeted and reprimanded Plaintiff because she is Nicaraguan and non-American born employee who spoke and had an accent that caused Cavey to constantly lose his patience with her.

35. Plaintiff, when she spoke Spanish to fellow co-workers, such as when she spoke Spanish on or around October of 2018 with Rojas about holiday decorations, was intentionally reprimanded under false pretenses by Cavey.

36. Cavey himself, a white American, attempted to speak Spanish with colleagues, and allowed other employees, such as Rojas, to speak Spanish with no consequences, especially not like the one Plaintiff faced.

37. Cavey also intentionally discriminated against Plaintiff because, as a Nicaraguan immigrant, she has an accent, and at times was not able to fully understand Cavey's questions and requests.

38. Cavey consistently would mock Plaintiff because of her national origin characteristics by telling Plaintiff that she should write down what he says so that she won't forget. Additionally, Cavey would intentionally berate Plaintiff for asking questions she had difficulty understanding, and would roll his eyes in disgust.

39. Cavey would not roll his eyes at employees such as Robin, Dudley, and Martine McKenzie ("McKenzie") an African American Female, District Human Resources Manager, because their national origin, American, allowed them to understand his comments and instructions clearly.

40. Plaintiff was retaliated against at Defendant.

41. Plaintiff discussed with Cavey through multiple avenues, such as an email in September of 2018, how Plaintiff felt disrespected and discriminated against by fellow employees such as Robin, Rojas, and even Cavey himself, because of her age, sex, and national origin at Defendant.

42. Defendant, instead of addressing Plaintiff's discrimination claims, opened an investigation into Plaintiff's July of 2018 review of employee, Robin (white American female), where Plaintiff allegedly prepared/submitted the review incorrectly

43. Defendant's claim that McKenzie investigated the alleged toxic environment that Plaintiff created at Defendant, by certain unnamed events and the Robin review.

44. Plaintiff, during the alleged investigation, was retaliated against by Defendant in order to show fault by attempting to coerce her into writing a recap of her investigatory hearing, when Plaintiff could not understand some of the questions asked, because of her language barrier.

45. Plaintiff, however, offered to provided a written statement if she was provided an opportunity to review the questions to ensure that she understood what she was answering and writing

about. Defendant's declined to provide that, and proceeded to claim that Plaintiff refused to cooperate.

46. Plaintiff emailed Marisela Vega ("Vega"), District Manager, on or around November 6, 2018, asking her to call her back in order for Plaintiff to discuss the discrimination she faced at Defendant.

47. Plaintiff discussed her suffering and retaliation with Marisela Vega ("Vega") over the phone, on or about November 6, 2018.

48. Vega allegedly investigated Plaintiff's complaints regarding discrimination and retaliation at Defendant, but purposely reached improper conclusions.

49. Erika DeJesus "DeJesus", Territory Associate Relations Manager, and Daria Perez ("Perez"), a white American, Regional Human Resource Director, approved of Vega's alleged investigatory conclusions.

50. Vega did not adequately investigate Plaintiff's allegation. Instead, Vega along with DeJesus and Perez retaliated against Plaintiff for bringing allegations about Defendant's employees to Defendant's attention.

51. Defendant's investigation into the complaints brought by Plaintiff was closed, and it was only three days after the Plaintiff's complaint that she was called into Cavey's office where she was terminated because she allegedly falsified documents, allegedly failed to cooperate with the investigation, and allegedly made false statements to the Defendant. Plaintiff was then replaced by a young American male.

52. Plaintiff was terminated in Cavey's office by some of the employees she complained about, namely Cavey, who was in the company of Michael Rivera, a 36 year old male who became

a male store manager at a Marathon, Florida store, who was called into Defendant Key West branch to witness Plaintiff's termination.

**COUNT I**
**DISCRIMINATION BASED ON ADEA**

53. Plaintiff re-alleges and incorporates into count one, paragraphs 1 to 52 as if fully set forth herein.

54. As stated above, Plaintiff was over the age of 40 at the time she was terminated, and was qualified for her position at Defendant.

55. Defendant, by and through their agents and employees, maintained a policy of age discrimination and engaged in the aforementioned practices, policies, customs and usages made unlawful under the ADEA against Plaintiff.

56. Had Plaintiff not been significantly over the age of 40, she would not have been terminated.

**COUNT II**
**SEX DISCRIMINATION UNDER TITLE VII**

57. Plaintiff re-alleges and incorporates paragraphs 1 to 56 of this Complaint as if fully set forth herein.

58. Defendant, by and through their agents and employees, especially Cavey, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII.

59. Cavey made it clear that he held Barzaga and Dudley's opinions in higher regard for store improvement at Defendant because they were men. He ignored and/or mocked most of what Plaintiff had to say because of her sex and other characteristics complained of herein.

60. Had Plaintiff not been female, she would not have been terminated.

**COUNT III**
**NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII**

61. Plaintiff re-alleges and incorporates paragraphs 1 to 60 of this Complaint as if fully set forth herein.

62. Defendant, by and through their agents and employees, especially Cavey, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII.

63. Due to being of foreign national origin, having an accent, and having a language barrier, Cavey required Plaintiff to write down what he said. Cavey and McKenzie mocked Plaintiff, ignored her, and denied Plaintiff the opportunity to review her investigatory hearing questions, prior to writing a recap into the events that occurred during Robin's July of 2018 monetary review. Plaintiff declined to write a statement regarding the investigation because of her understanding and Defendant's then allege that Plaintiff was non-compliant in their investigation.

64. Had Plaintiff not been a non-foreigner and had she been able to understand, she would not have been terminated.

**COUNT IV**
**§1981 NATIONAL ORIGIN DISCRIMINATION**

65. Plaintiff re-alleges and incorporates paragraphs 1 to 64 of this Complaint as if fully set forth herein.

66. Defendant, by and through their agents and employees, especially Cavey, Robin, and McKenzie, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by 42 U.S.C. § 1981.

67. Had Plaintiff not been a foreign national, and had she not had an accent, or have a language barrier, she would not have been subjected to an intentional and hostile work environment, which was so severe and pervasive that it kept Plaintiff from being able to do her job and resulted in her termination.

**COUNT V**
**RETALIATION UNDER TITLE VII**

68. Plaintiff re-alleges and incorporates paragraphs 1 to 67 of this Complaint as if fully set forth herein.

69. Plaintiff engaged in a protected activity when Plaintiff reported Rojas, Robin, Cavey, and others, for their discriminatory treatment towards her, to Defendant.

70. Cavey, as store manager, and Rivera, had a supervisory role over Plaintiff, and acted within the scope of their employment at Defendant in their retaliation and threats against Plaintiff. Vega, McKenzie, DeJesus, and Perez, had a supervisory role at Defendant, and acted within the scope of their employment at Defendant in their retaliation against Plaintiff.

71. Had Plaintiff not engaged in a protected activity, she would not have suffered from termination or severe and pervasive harassment.

**DAMAGES**

72. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, as well as compensatory damages, including, but not limited to, liquidated damages and emotional distress.

**EXEMPLARY DAMAGES**

73. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff suffered severe emotional distress, pain and

suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

**ADEA LIQUIDATED DAMAGES**

74. Defendant's actions were willful, and as a further and proximate cause, Plaintiff was terminated and lost wages. Plaintiff, therefore, seeks liquidated damages under the ADEA in the amount of her back pay to be determined by the trier of fact.

**ATTORNEYS' FEES**

75. Defendant's actions and conduct, as described herein, and the resulting damage and loss to Plaintiff, has necessitated Plaintiff to retain the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

**JURY DEMAND**

76. Plaintiff hereby makes her request for a jury trial.

**INJUNCTIVE RELIEF**

77. Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with the ADEA, and who violate Federal statutory protection against discrimination and retaliation.

78. Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop such situations and complaints. Such specific actions include, but are not limited to:

a. allocation of significant funding and trained staff to implement all changes within two years;

b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

d. creating a process for the prompt investigation of retaliation, harassment and reprisal complaints separate from the agency's process; and

e. mandatory and effective training for all employees and managers on age and discrimination issues, investigations and appropriate corrective actions.

**PRAYER**

79. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant's be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. Back Pay;

b. Pre-Judgment interest on back pay;

c. Lost Benefits;

d. Compensatory Damages, including but not limited to emotional distress;

e. Punitive Damages;

f. Liquidated Damages;

g. Injunctive and Affirmative Relief;

h. Attorneys' Fees and Costs; and

i. such other and further relief, at law or in equity, general or special, to which Plaintiff may show it is justly entitled.

**Dated: October 25, 2019**

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC.**

By: */s/Ariel Hassine*
**Ariel Hassine**
FL Bar #124722
Email: ariel.hassine@coane.com
**Connor Throckmorton**
FL Bar # 1004231
Email: connor.throckmorton@coane.com
**Arthur Mandel**
FL Bar # 22753
Email: arthur.mandel@coane.com
1250 E. Hallandale Beach Blvd. Ste. 303
Hallandale Beach, Florida 33009
Phone: (305) 538-6800
Fax: (866) 647-8296
***ATTORNEYS FOR PLAINTIFF***

**COANE AND ASSOCIATES, PLLC.**

**Bruce A. Coane**
bruce.coane@gmail.com
S.D. Tex. #7205
1250 E. Hallandale Beach Blvd. Ste. 303
Hallandale Beach, Florida 33009
Phone: (305) 538-6800
Fax: (866) 647-8296
***OF COUNSEL FOR PLAINTIFF***